IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 12, 2000 Session

## STACY'S CARPET STEAM CLEANING COMPANY d/b/a BENT NAIL CONSTRUCTION  v. DAVID E. MCNEELY et al.

Direct Appeal from the Chancery Court for Carter County
No. 23016   Jean A. Stanley,  Judge

FILED NOVEMBER 14, 2000

No.  E1999-01880-COA-R3-CV

Stacy's Carpet Steam Cleaning Company d/b/a Bent Nail Construction, the Plaintiff, appeals a judgment from the  Carter County Chancery Court.  The Plaintiff's issues are  whether the Trial Court erred in calculating the damages, erred in failing to award prejudgment interest, and erred in failing to enforce a mechanic's lien.  The Defendants raise an issue insisting the parties reached an accord and satisfaction or a new contract.  We affirm the judgment of the Trial Court pursuant to Rule 10 of this Court as to the Plaintiff's issues one and two and as to the Defendants' issue and modify its judgment as to the Plaintiff's issue three regarding enforcement of its lien.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed;
Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Kenneth D. Hale, Bristol, Tennessee, for the appellant, Stacy's Carpet Steam Cleaning Company d/b/a Bent Nail Construction.

Robert J. Jessee, Johnson City, Tennessee, for the appellees, David E. McNeely and Renee McNeely.

**OPINION**

Stacy's Carpet Steam Cleaning Company d/b/a Bent Nail Construction, the Plaintiff, was selected to build a house for David and Renee McNeely, the Defendants.  Problems were encountered during the building of the house, and costs of construction exceeded initial estimates.

The Trial Court found, and we concur, that the parties had no contract as to the price to be paid for building the Defendants' house, but that the Plaintiff would be entitled to recover under the theory of *quantum meruit.*

The Plaintiff's issues insist that the Trial Court erred in calculating the damages,[1] erred in failing to award prejudgment interest, and erred in failing to enforce a mechanic's lien.

The Defendants raise an issue contending that the Trial Court was in error in not finding that "the parties had entered into an accord and satisfaction agreement and/or a new contract for the completion of the project."

Our review of the record and the briefs filed by the parties persuades us that as to the Plaintiff's issues one and two and as to the Defendants' one issue, this is an appropriate case for affirmance under Rule 10 of this Court. The evidence does not preponderate against the judgment of the Trial Court as to these issues raised by the parties.

Notwithstanding that we are affirming the judgment under Rule 10, we believe it appropriate to address briefly each issue raised by the Plaintiff. As to the first, the Trial Court initially awarded the Plaintiff a judgment of $31,156.64 which, on post-trial motion, was reduced to $17,025. Upon inquiry of the Court to counsel for both parties, the Plaintiff's counsel advised that the value of the lot and completed house was found by the Trial Judge to be $233,000, and the evidence introduced does not preponderate against this finding. The Trial Judge then deduced the following items from the value found: cost of the lot--$25,000, improvements paid for by the Defendants--$17,792, and payments made to the Plaintiff by the Defendants--$173,183. This leaves a balance of $17,025, which was the ultimate award made by the Trial Judge.

In accepting the Defendants' theory, we have not overlooked the response from counsel for the Plaintiff. However, we believe under the theory of *quantum meruit*, the Trial Court chose the proper formula for determining the remaining amount owed for building the house, the cost for which was initially estimated to be $130,000.

Finally, as to the question of the failure of the Trial Court to enforce the mechanic's lien against the Defendants' property, we deem the Defendants' failure to respond to be a concession that it is well taken. Accordingly, we remand the case for the entry of such an order.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for entry of the aforementioned order, such further proceedings, if any, as may be necessary, and collection of costs below. Costs of appeal are adjudged one-half to the Plaintiff and one-half to the Defendants.

---

[1] Although the issue on appeal speaks of damages, in reality, the Plaintiff is seeking to recover the balance it contends is owed for constructing the house.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE